IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TYSHAWN M. MURRAY,** :
:
   **Plaintiff** : **CIVIL NO. 1:CV-13-02837**
:
**v.** : **(Judge Rambo)**
:
**WARDEN DOMINIC DeROSE,** :
:
   **Defendants** :

## **M E M O R A N D U M**

**I.   Background**

Plaintiff Tyshawn M. Murray, an inmate currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), commenced this civil rights action with a complaint filed on November 21, 2013, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) In the complaint, Plaintiff alleges that his constitutional rights were violated when money was deducted from his inmate account without his consent while he was incarcerated at the Dauphin County Prison.

By order dated November 26, 2013, the court directed service of the complaint on the Defendant named therein. (Doc. 7.) On March 4, 2014, Defendant filed a motion to dismiss the complaint. (Doc. 14.) A supporting brief followed on March 18, 2014. (Doc. 16.) Pursuant to M.D. Pa. Local Rule 7.6, Plaintiff had fourteen (14) days from the service of Defendants' brief to file a brief

in opposition to the motion. Within that time period, Plaintiff failed to file any opposition or request an extension of time in which to do so. Therefore, by order dated April 8, 2014, the court directed Plaintiff to file a brief in opposition on or before April 22, 2014. (Doc. 17.) The order also warned Plaintiff that failure to comply with the order would result in the motion to dismiss being deemed unopposed and this action would be dismissed without a merits analysis. (*See id*.) *See also* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Further, on April 18, 2014, the April 8, 2014 order sent to Plaintiff was returned as undeliverable, and the envelope was marked at "unable to forward." (*See* Doc. 18.)

To date, Plaintiff has not communicated with the court regarding his current address. Further, although his brief in opposition to the pending motion to dismiss is now overdue, he has neither made the appropriate filing nor requested an extension of time in which to do so. Therefore, for the reasons set forth below, Defendant's motion to dismiss will be deemed unopposed and granted without a merits analysis and Plaintiff's complaint will be dismissed with prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## II.     **<u>Discussion</u>**

Generally, a dispositive motion may not be granted merely because it is unopposed, because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990) (the disposition of an unopposed motion ordinarily requires a merits analysis). However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 529 (1962). In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id*. at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. *Stackhouse*, 951 F.2d at 30. However, in

3

reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked*.

*Stackhouse*, 951 F.2d at 30 (emphasis added). Further, in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriouness of the claim or defense. However, as stated by the Court of Appeals in a later case,

4

> *Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by this Court. As we have already recognized, not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citations omitted).

In the instant case, Plaintiff was advised of the requirements of Local Rule 7.6 in the Standing Practice Order issued in this case on November 22, 2013.[1] (Doc. 5.) Plaintiff was also directed to comply with the requirements of Local Rule 7.6 in the court's April 8, 2014 order directing him to file a brief in

---

[1] Specifically, the Standing Practice Order states, in relevant part,

> If the moving party does file a timely brief in support of his or her motion, Local Rule 7.6 provides that the party against whom the motion and brief have been filed must file a brief in opposition to the moving party's motion, together with any opposing evidentiary material, such as affidavits, deposition transcripts, or other documents, within fourteen (14) days after service of the moving party's brief on the opposing party.
> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 5 at 2.)

opposition, and was warned of the consequences of failing to timely file his opposition. (Doc. 17.) Further, as set forth in the Standing Practice Order provided to Plaintiff, Plaintiff has the obligation to keep the court informed of his current address.[2] (Doc. 5.) To date, Plaintiff has failed to file a brief in opposition or seek an extension of time in which to do so, and has not kept the court informed of his current address. As a result, the court concludes that Plaintiff's dilatoriness in filing his brief in opposition and keeping the court informed of his current location outweighs any of the other considerations set forth in *Poulis*. Accordingly, the court will deem the pending motion to dismiss to be unopposed and grant the motion; dismiss the complaint in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order; and, direct that this case be closed.

---

[2] The Standing Practice Order states, in relevant part,

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 5 at 4.)

An appropriate order will issue.

                                                          s/Sylvia H. Rambo
                                                          United States District Judge

Dated: May 15, 2014.